# TABLE OF CONTENTS

PAGE

REQUEST NO. 1    BASIS OF ACTION ............................... 1

REQUEST NO. 2    RAILROAD NOT GUARANTOR ........................ 2

REQUEST NO. 3    INCIDENT ALONE IS NOT NEGLIGENCE .............. 3

REQUEST NO. 4    UNAVOIDABLE INCIDENT .......................... 4

REQUEST NO. 5    BURDEN OF PROOF ............................... 5

REQUEST NO. 6    ELEMENTS OF CLAIM ............................. 6

REQUEST NO. 7    CORPORATIONS SAME AS INDIVIDUALS .............. 7

REQUEST NO. 8    CORPORATION ACTS THROUGH EMPLOYEES ............ 8

REQUEST NO. 9    DUTY OF DEFENDANT ............................. 9

REQUEST NO. 10   FORESEEABILITY ................................ 10

REQUEST NO. 11   DEGREE OF CARE ................................ 12

REQUEST NO. 12   ORDINARY CARE ................................. 13

REQUEST NO. 13   NOTICE ........................................ 14

REQUEST NO. 14   DIFFICULT WORK IS NOT NEGLIGENCE .............. 15

REQUEST NO. 15   NOT REQUIRED TO PRODUCE ABSOLUTELY SAFE ..........
          PLACE         .......................................... 16

REQUEST NO. 16   NOT REQUIRED TO PROVIDE BEST EQUIPMENT ........ 17

REQUEST NO. 17   EMPLOYEES MUST EXERCISE REASONABLE CARE ....... 18

REQUEST NO. 18   DUTY OF PLAINTIFF ............................. 19

REQUEST NO. 19   PLAINTIFF MUST CONSIDER KNOWN CONDITIONS ...... 20

REQUEST NO. 20   SAFE VS. UNSAFE METHODS ....................... 21

REQUEST NO. 21   PLAINTIFF'S FAILURE TO SUSTAIN BURDEN ......... 22

REQUEST NO. 22  CONTRIBUTORY NEGLIGENCE DIMINISHES DAMAGES ....  23

REQUEST NO. 23  CONSIDER LIABILITY BEFORE DAMAGES ............  24

REQUEST NO. 24  DAMAGES ......................................  25

REQUEST NO. 25  BURDEN OF PROOF - DAMAGES ....................  26

REQUEST NO. 26  COMPUTING DAMAGES ............................  27

REQUEST NO. 27  INCOME TAXES .................................  28

REQUEST NO. 28  JURY DELIBERATION ...........................  29

REQUEST NO. 29  SYMPATHY .....................................  30

REQUEST NO. 30  INTERESTED WITNESSES .........................  31

REQUEST NO. 31  EXPERT WITNESSES .............................  32

REQUEST NO. 1

<u>BASIS OF ACTION</u>

This action is brought pursuant to a federal statute, which allows a railroad employee to sue his or her employer to recover damages for injuries caused by his or her employer's negligence. It is known as the Federal Employers' Liability Act and provides, in part, as follows:

> "Every common carrier by railroad while engaging in commerce between any of the several states . . . shall be liable in damages to any person suffering any injury while he is employed by such carrier in such commerce . . . for such injury . . . resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency."

45 U.S.C. §51

REQUEST NO. 2

<u>RAILROAD NOT GUARANTOR</u>

The Act does not make the defendant railroad the guarantor or insurer of the safety of its employees, nor of the safety of the places in which they work.  Defendant is not bound to anticipate every possible event because a railroad is necessarily attended by some danger and it is impossible to eliminate all danger.  Defendant is bound only to exercise the care which the particular circumstances reasonably demand.  The basis of defendant's liability, if any, is negligence and not the mere fact that an injury occurs while plaintiff is working.  Moreover, that negligence must cause the injury or plaintiff may not recover.

Ellis v. Union Pac. R.R. (1946)
  329 U.S. 649, 653
Atlantic Coast Line R.R. v. Dixon,
  189 F.2d 525, 527 (1951), <u>cert</u>.
  <u>denied</u>, 342 U.S. 830 (1951)
Inman v. Baltimore & Ohio R. Co.
  (1960) 361 U.S. 138, 140
Rubley v. Louisville, & N. R. Co.
  (1962) 208 F. Supp. 798
Kimbler v. Pittsburg & L. E. R. Co.
  (1964) 331 F.2d 383, 385
Isgett v. Seaboard Coast Line R.R.,
  332 F.Supp. 1127, 1139 (1971)

REQUEST NO. 3

<u>INCIDENT ALONE IS NOT NEGLIGENCE</u>

The mere fact that an incident occurs, standing alone, does not permit the jury to draw the inference that the incident was caused by someone's negligence.  The burden of proof is upon plaintiff to prove by a preponderance of evidence that the defendant was negligent and that plaintiff's injury resulted in whole or in part from such negligence.

FJPI §94.06
Brady v. Southern Ry. Co.
  (1943) 320 U.S. 476, 484
Tiller v. Atlantic Coast Line R. Co.
  (1943) 318 U.S. 54, 67
Ellis v. Union Pacific Railroad
  (1946) 329 U.S. 649, 653
Wilkerson v. McCarthy
  (1948) 366 U.S. 53, 61
Atlantic Coast Line R. Co. v. Dixon
  (1951) 189 F2d 525, 527
Milom v. New York Central R. Co.
(1957) 248 F.2d 52, cert. denied
  355 U.S. 953

REQUEST NO. 4

<u>UNAVOIDABLE INCIDENT</u>

You are further instructed, members of the jury, that the law recognizes what is known as an unavoidable incident. An incident may happen and a person may be injured without negligence on the part of any person. And, if you believe that the plaintiff's injury was the result of a misadventure and was, under the circumstances, unavoidable, then the defendant would not be liable therefor.

Williams v. Union Pac. R.R.,
286 F.2d 50 (9th Cir. 1960)

REQUEST NO. 5

<u>BURDEN OF PROOF</u>

The law requires that, in order for a party to prevail on an issue in which he has the burden of proof, the evidence that supports his/her claim on that issue must appeal to you as more nearly representing what took place than that opposed to plaintiff's claim.   In this case plaintiff has the burden of proving by a preponderance of the evidence that the defendant was negligent and that the negligence caused plaintiff's and injuries. If the evidence does not support his or her claim, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, you must resolve the question against the plaintiff and in favor of the defendant.


P.J.I. 1:60

REQUEST NO. 6

<u>ELEMENTS OF CLAIM</u>

Before the plaintiff may recover a verdict, plaintiff must convince you that the evidence establishes, by a fair preponderance, three necessary elements of his claim: (1) the defendant was negligent; (2) the negligence of the defendant was in fact a caused by the action of the defendant; and (3) the damages which plaintiff claims resulted directly from the defendant's actions. [P]roof of negligence alone does not entitle the plaintiff to recover under the Federal Employer's Liability Act. The negligence complained of must be the cause of the injury. The jury may not be permitted to speculate as to its cause.

Atchison, T. & S.F. Ry. v. Toops,
281 U.S. 351 (1930), at 354

REQUEST NO. 7

CORPORATIONS SAME AS INDIVIDUALS

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. A corporation is entitled to the same fair trial at your hands as a private individual. All persons, including corporations, partnerships, unincorporated associations, and other organizations, stand equal before the law, and are to be dealt with as equals in a court of justice.

F.J.P.I. §71.04

REQUEST NO.8

<u>CORPORATION ACTS THROUGH EMPLOYEES</u>

Metro-North is a corporation and, as such, can only act through its corporate agents, servants or employees.  Therefore, in order for plaintiff to recover, plaintiff must prove by a fair preponderance of the credible evidence that his injuries were caused, in whole or in part, by some negligent act or omission on the part of the agents, servants or employees of the Railroad, other than the plaintiff.

45 U.S.C. §5l
Sinkler v. Missouri Pac. R. Co.
  356 U.S. 326
Hobson v. Texaco. Inc.
  383 U.S. 262
Karaduman v. Newsday, Inc.
  51 N.Y.2d 531, 435
  N.Y.S.2d 556
F.J.P.I. §94.15

REQUEST NO. 9

<u>DUTY OF DEFENDANT</u>


As used in the Federal Employers' Liability Act, the word "negligence" means and is defined as lack of ordinary care under the circumstances, or the failure to do what a careful and prudent employer would ordinarily do or have done under the circumstances of the situation, or doing what such an employer under the existing circumstances would not have done.


Wilkerson v. McCarthy, 336 U.S. 53
  (1949)
Tiller v. Atlantic Coast Line R. Co.
  318 U.S. 54
Sano v. Pennsylvania R. Co.
  1960 (Ca. 3rd), 282 F.2d 936

REQUEST NO. 10

<u>FORESEEABILITY</u>

You have been told that this case is one where the plaintiff contends the Railroad was negligent.  And you have been instructed on the meaning of "negligence," and that the causal relationship between negligence, if any, and the plaintiff's alleged injury must be proved by the plaintiff by a preponderance of the evidence.

Now there is a further requirement in establishing negligence, namely that the defendant company, through its officers, agents or employees, using ordinary caution and prudence, should have foreseen that some injury would probably arise from their acts or omissions.  The railroad was not required to guard against that which a reasonably prudent person, under like circumstances, would not anticipate as likely to happen.  If a person has no reasonable ground to anticipate that a particular condition or course of conduct would or might result in a mishap or injury, then such person is not required to do anything to guard against, correct or change such condition or course of conduct.  You must apply that rule to the facts in this case.  The railroad's duty to plaintiff is to be measured by what is reasonably foreseeable under like circumstances.  I tell you this because "reasonable foreseeability of harm" is an essential ingredient of Federal Employers Liability Act negligence.  In measuring or evaluating the railroad's conduct here, the point of view to be taken should be the view of the conditions which

existed before the mishap occurred to see what, in the light of the facts then known, should or could reasonably have been anticipated.

                    Gallick v. Baltimore & O.R.R.,
                      372 U.S. 108, 83 S.Ct. 659,
                      9 L.Ed.2d 618 (1963)
                    Bridger v. Union Ry., 355 F.2d
                      382 (6th Cir. 1966)
                    Inman v. Baltimore & O.R.R.,
                      361 U.S. 138, 80 S.Ct. 242,
                      4 L.Ed.2d 198 (1959)
                    Palsgraf v. Long Island R, Co.
                      248 N.Y. 339
                    MacPherson v. Buick Motor Co.
                      217 N.Y. 382

REQUEST NO. 11

<u>DEGREE OF CARE</u>

A railroad company, like other employers, is required to exercise ordinary care in furnishing its employees a reasonably safe place to work.

The phrase "reasonably safe place to work" is, however, a term of relative application. It does not mean the absolute elimination of all dangers, but only to exercise the care which the particular circumstances reasonably demand.

And the "degree of care" to be exercised must have some reasonable relationship to the ability of the Railroad to perform such duty.

> Conway v. Consolidated Rail Corp.
>   (1983) 720 F.2d 221, 233
> Ellis v. Union Pac. R.R.
>   329 U.S. 649, 653 (1946)
> Raudenbush v. B. & O. R. Co.
>   160 F.2d 363, at 366-367
> Rose v. Atlantic Coast Line
>   277 F. Supp. 913, at 919-920

REQUEST NO. 12

<u>ORDINARY CARE</u>

The defendant was not required to exercise toward the plaintiff the highest degree of care, but the duty resting upon the defendant was to exercise toward the plaintiff ordinary care on the occasion in question, ordinary care being just such care as a person of ordinary prudence would exercise under the same or similar circumstances.

Brady v. Southern Ry., 320 U.S. 476, 483, 88 L.Ed. 239, 245 (1943)

REQUEST NO. 13

<u>NOTICE</u>

Before the Railroad can be charged with negligence in failing to remedy any condition with the area in question such as that which is claimed to have caused plaintiff's injury, or in failing to warn plaintiff of the existence of such condition, the plaintiff has the burden of proving that the equipment was, in fact, dangerous and that the Railroad had actual notice of such condition, or that, in the exercise of ordinary care, it should have known of the existence of such condition at a time sufficiently prior to the injury so as to have taken necessary steps to alleviate the condition or to have warned plaintiff of the existence of such condition.

Kaminski v. Chicago, River & Indiana
  R. Co., (1952) 200 F.2d 1, 4
Atlantic Coast Line R. Co. v. Collins
  (1956) 235 F.2d 805, 808, cert.
  denied, 352 U.S. 942
Sano v. Pennsylvania R. Co.
  (1960) 282 F.2d 936, 938
Rice v. Atlantic Gulf & Pacific Co.
  (1973) 484 F.2d 1818, 1820
Perry v. Morgan Guaranty Trust Co.
  (1976), 528 F.2d 1378, 1379
O'Hara v. Long Island Railroad Co.
  (1981), 532 F. Supp. 202, 203
  aff'd. 665 F.2d 8, 9.

REQUEST NO. 14

<u>DIFFICULT WORK IS NOT NEGLIGENCE</u>

The plaintiff cannot recover in this case merely by proving that the work involved was difficult or inconvenient in some way. It is necessary in order for the plaintiff to recover that plaintiff prove that the defendant was negligent and that such negligence, in whole or in part, caused plaintiff's injury.

> Seaboard Air Line Rt. v. Horton,
>   (1914) 266 U.S. 492, 501
> Wilkerson v. McCarthy,
>   (1949) 336 U.S. 53

REQUEST NO. 15

<u>NOT REQUIRED TO PRODUCE ABSOLUTELY SAFE PLACE</u>

The defendant railway company is not required under the law to furnish the plaintiff a place to work which was absolutely safe. It is not required to furnish to its employees the latest, best, or most perfect place within or upon which to work, nor to discard standard places to work already in use upon the discovery of later improvements. Its duty is only to exercise reasonable and ordinary care to provide a reasonably safe place for plaintiff to perform the work he or she was performing at the time of the incident in question.

> Toledo, St. L. & W.R.R. v. Allen,
>   276 U.S. 165, 169 72 L.Ed. 513,
>   516 (1928)
> Brady v. Southern Ry., 320 U.S.
>   476, 88 L.Ed. 239 (1943)
> Atlantic Coast Line R.R. v. Dixon,
>   189 F.2d 525 (5th Cir. 1951),
>   <u>cert</u>. <u>denied</u>, 342 U.S. 830,
>   96 L.Ed. 628 (1951)
> Baltimore & O.R.R. v. Groeger,
>   266 U.S. 521, 45 S.Ct. 169,
>   69 L.Ed. 419 (1925)

REQUEST NO. 16

NOT REQUIRED TO PROVIDE BEST EQUIPMENT

Under the Federal Employers' Liability Act, the rule of ordinary care applies and a railroad is not required to furnish its employees with the newest, the best or the most perfect appliances or equipment, nor is the railroad required to discard or cease the use of standard appliances and ordinary equipment already in use, if those in use are reasonably safe and suitable. Therefore, if you find that the appliances and equipment which were being used by plaintiff were reasonably safe and suitable, then you must find the railroad not negligent in failing to provide different, safer or newer appliances or equipment.

Atlantic Coast Line R. Co. v. Graven,
  185 F.2d 176, 179
Atlantic Coast Line Co. v. Dixon,
  189 F.2d 525, 527
McGivern v. Northern Pac. R. Co.,
  132 F.2d 213, 217
Baltimore & Ohio R. Co. v. Groeger,
  266 U.S. 521

REQUEST NO. 17

<u>EMPLOYEES MUST EXERCISE REASONABLE CARE</u>

During the time plaintiff was working, and at the time plaintiff was injured, the law imposed upon plaintiff the duty to exercise reasonable care for plaintiff's safety.  The defendant owed plaintiff no duty to exercise a higher degree of care for his or her safety than plaintiff owed to themself.

Plaintiff was required to exercise reasonable care to protect himself from injury from the ordinary hazards and dangers of his/her employment and to protect himself from injury from such hazards however and whenever they might be encountered.

The defendant cannot be charged with negligence in this case by failing to anticipate that plaintiff would not take the ordinary and proper precautions to protect and safeguard plaintiff's health and welfare.  Railroad employees must, as part of their duties, exercise due care for their own safety.

Atlantic Coast Line R.R. v. Dixon, 189
  F.2d 525, 527, (5th Cir. 1951) <u>cert</u>.
  <u>denied</u>, 342 U.S. 830 (1950)
Kurn v. Stanfield, 111 F.2d 469, 473
  (8th Cir. 1940)
Gowins v. Pennsylvania R.R.,
  (6th Cir. 1962) 299 F.2d 431
Dilley v. Chesapeake & O. Ry.,
  (6th Cir. 1964) 327 F.2d 249
Raudenbush v. Baltimore & O.R.R.
  (3rd Cir. 1947) 160 F.2d 363

REQUEST NO. 18

<u>DUTY OF PLAINTIFF</u>


The same standard by which you measure the conduct of the Railroad in determining whether it was negligent in causing plaintiff's injury is to be applied by you in determining whether plaintiff was also negligent.


<div style="margin-left:2em">

Gantois v. New York Central R. Co.
  l965, 342 F.2d 767
Paige v. St. Louis S. R. Co.
  l963, 3l2 F.2d 84
Juaire v. Nardin, l968 (C.A.N.Y.)
  395 F.2d 373, 380

</div>

REQUEST NO. 19

<u>PLAINTIFF MUST CONSIDER KNOWN CONDITIONS</u>

You have been instructed that plaintiff was under a duty to exercise reasonable care for his/her own safety. In your consideration of this issue, you may consider plaintiff's actions in the light of any condition known to plaintiff or conditions which should have been known to plaintiff in the exercise of ordinary care.

Gowins v. Pennsylvania R.R., 299 F.2d
431 (6th Cir. 1962)

REQUEST NO. 20

<u>SAFE VS. UNSAFE METHODS</u>

When an employee, such as plaintiff, is given a general order with respect to the performance of a particular task, and is left to use his/her own judgment or discretion as to the manner in which such work should be done, if there exists a safe way and a dangerous way to carry out such work, each of which are equally open to plaintiff, if he/she chooses or selects the unsafe or dangerous method of performing his/her work and injury results, you must find that plaintiff was negligent.

If you further find that plaintiff's unsafe or dangerous method of performing such work was the sole cause of his/her injury, you must return a verdict in favor of the Railroad.

Wadiak v. Illinois Central R. Co.
  (1954) 208 F.2d 925, 930
Koch v. Chicago & N.Y. Ry. Co.
  (1954) 208 F.2d 152, 156
Greenwalt v. South African Marine Corp.
  (1955) 130 F. Supp. 432, 434 aff'd
  243 F.2d 575 (CANY)
Atchison, T.&S.F. Ry. Co. v. Seamas
  (1952) 201 F.2d 140
Emeg v. Erie Lackawanna R. Co.
  350 F. Supp. 986 aff'd 485 F.2d 679

REQUEST NO. 21

<u>PLAINTIFF'S FAILURE TO SUSTAIN BURDEN</u>

If you find by a preponderance of the evidence, considering all the facts and circumstances of this case as shown by the evidence, that the defendant did provide plaintiff with a reasonably safe place to work, or that the plaintiff failed to exercise reasonable care for his/her own safety and that such failure was the sole proximate cause of plaintiff's injuries, then your verdict will be for the defendant.


Morrison v. New York Central R. Co.
1966, 361 F.2d 319

REQUEST NO. 22

<u>CONTRIBUTORY NEGLIGENCE DIMINISHES DAMAGES</u>

Where both the Railroad and the plaintiff are guilty of negligence causing plaintiff's injuries, the plaintiff may recover damages from the Railroad, but the amount thereof must be diminished in proportion to the amount of negligence attributable to the plaintiff.

Hayes v. New York Central R. Co.
   (1962), 311 F.2d 198, 200
Dennis v. Denver & R. G. W. R. Co.
   (1963), 375 U.S. 208

REQUEST NO. 24

<u>CONSIDER LIABILITY BEFORE DAMAGES</u>

When you retire to the Jury Room, you must place the responsibility for the incident in which the plaintiff claims to have been injured, and you should not consider and "you are not to be concerned with the question of damages unless and until you first find from the evidence, under the instructions of the Court," that the defendant was, in fact, negligent and that such negligence, if any, caused or contributed to the incident that is the basis of this lawsuit.

Schybinger v. Interlake
Steamship Co., (7th Cir.
1959) 273 F. 2d 307, 313

REQUEST NO. 24

<u>DAMAGES</u>

My charge to you on the law of damages must not be taken as an intimation that you should find for the plaintiff.  It is for you to decide on the evidence presented and on the rules of law I have given you whether plaintiff is entitled to recover from the defendant.  If you decide plaintiff is not so entitled, you need go no further and will return with your verdict for the defendant. Only if you decide that plaintiff is entitled to recover, will you then consider the question of damages.

In fixing damages, you must bear in mind that plaintiff is entitled to recover a sum of money which will justly and fairly compensate plaintiff for the injury.  Your purpose is not to punish the defendant for any fault or wrongdoing, nor is it your purpose to enrich the plaintiff.  Any award you make must be fair, reasonable and commensurate with the nature and extent of the injury actually sustained.


Domeracki v. Humble Oil & Refining Co.
443 F.2d l245, l248

REQUEST NO. 25

<u>BURDEN OF PROOF - DAMAGES</u>

The burden is on the plaintiff in this action to prove by a preponderance of the evidence; (1) that the injuries complained of by plaintiff exist, and; (2) that those injuries are the result of the defendant's negligence.    You are not permitted to award damages for injuries which are speculative or conjectural.    Thus, if the plaintiff fails to carry the burden of proving the existence of any injuries, or that those injuries resulted from the negligence of the defendant, he/she is not entitled to recover damages in this action.

See Restatement of Torts §912
Dollens v. Public Belt R.R. Commission,
  333 F.Supp. 72 (1971)
Edwards v. New York Cent. R.R., 136
  F.Supp. 706 (1955)
Kiberski v. New York Cent. R.R., 359
  F.2d 90 (1955)
Sheaf v. Minneapolis, St. P. & St.
  Ste. M Ry., 162 F.2d 110 (1947)
Wolfe v. Henwood, 162 F.2d 998 (1947)

REQUEST NO. 26

<u>COMPUTING DAMAGES</u>

In computing plaintiff's damages, you may include in your verdict an award for whatever injury you find plaintiff actually suffered and for conscious pain and discomfort which you find to have been caused by the defendant's negligence.

However, although plaintiff is entitled to recover damages for pain and discomfort which result from his/her injury, there is no formula or yardstick which the law can give you with respect to this element of damages. In this matter you must use your own good judgment. But any award you choose to make must be fair and reasonable and must be commensurate with the pain and discomfort actually endured by plaintiff as a result of his/her injury.

New York Pattern Jury Instructions
  2:280
Fornwalt v. Reading Co. (EDNY)
  79 F. Supp. 92l, 923
DeVito v. United Air Lines (SDNY)
  98 F. Supp. 88, 99

REQUEST NO. 27

<u>INCOME TAXES</u>

You are further instructed that any award made to the plaintiff is not income to the plaintiff within the meaning of the income tax law.  Should you find that the plaintiff is entitled to an award of damages, then you are to follow the instructions already given you by this Court in measuring those damages, and in no event should you either add to or subtract from that award on account of income taxes.

Burlington & Northern v. Boxberger
   (1975) 529 F.2d 284
Bach v. Penn Central Transp. Co.
   (1974) 502 F.2d 1117, 1123
Domeracki v. Humble Oil & Refining Co.
   (1971) 443 F.2d 1245, 1248-1251
McWeeney v. New York, N.H. & H.R. Co.
   282 F.2d 34
Norfolk & Western R. Co. v. Liepelt
   444 U.S. 490 (1980)

REQUEST NO. 28

<u>JURY DELIBERATION</u>

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to your individual judgment.  Each of you must decide the case for yourself, but should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  However, you should not be influenced to vote in any way on any question submitted to you by the single fact that a majority of the jurors, or any of them, favor such an opinion; nor should you agree to be bound by a majority or any vote other than a unanimous vote of all jurors on each question.  In other words, you should not surrender your honest convictions concerning the effect or weight of evidence for the mere purpose of returning a verdict or solely because of the opinion of the other jurors.

FJPI §10.14 (4th Ed. 1987)

REQUEST NO. 29

<u>SYMPATHY</u>


Sympathy should not enter into your deliberations and should have no part therein.   Both parties are entitled to even-handed justice.


        Laidlaw v. Sage
           l58 N.Y. 73, at l04
        Burch v. Reading R. Co.
           240 F.2d 574, at 576-577

REQUEST NO. 30

<u>INTERESTED WITNESS</u>

Plaintiff has testified before you.  As a party to the action, plaintiff is an interested witness.

An interested witness is not necessarily less credible than a disinterested witness.  The fact that plaintiff is interested in the outcome of the case does not mean that he/she has not told the truth.  It is for you to determine from plaintiff's demeanor on the stand, and such other tests as your experience dictates, whether or not plaintiff's testimony has been colored, intentionally or unintentionally, by his interest.  You are at liberty, if you deem it proper under all of the circumstances to do so, to disbelieve the testimony of such a witness, even though it is not otherwise impeached or contradicted.  However, you are not required to disbelieve such a witness, and may accept all or such part of his/her testimony as you deem reliable and reject such part as you deem unworthy of acceptance.

NYPJI - 1:91

REQUEST NO. 31

<u>EXPERT WITNESSES</u>

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists as to those whom we call "expert witnesses."  Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state their opinions as to relevant and material matters, in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

FJPI §72.08 (4th Ed. 1987)

DATED:  NEW YORK, NEW YORK
       June 17, 2008

                        RICHARD K. BERNARD
                        GENERAL COUNSEL

                        _____

                        BY:  JESSE A. RAYE
                        Attorney for Defendant  JAR/2009
                        347 Madison Avenue, 19th Fl.
                        New York, NY  10017
                        (212) 340-2538

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NORMAN HARTRAMPH,

                          Plaintiff,           07 Civ. 9440 (LLS)

    -against-

METRO-NORTH COMMUTER RAILROAD,

                          Defendant.
-----------------------------------------------------------------X


# REQUEST TO CHARGE


2009/JAR                    JESSE A. RAYE             340-2538
                            19th Floor


**DEFENDANT**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NORMAN HARTRAMPH,

                                    Plaintiff,          07 Civ. 9440 (LLS)

    -against-

METRO-NORTH COMMUTER RAILROAD,

                                    Defendant.
-------------------------------------------------------------------X


# REQUEST TO CHARGE




RICHARD K. BERNARD
GENERAL COUNSEL


_____
By:  Jesse A. Raye, [JAR-2009]
Attorney for Defendant  JAR/2009
347 Madison Avenue, 19th Fl.
New York, NY  10017
(212) 340-2538



CC:    Michael Flynn, Esq.
       Law Office of Michael Flynn PLLC
       Attorney for Plaintiff
       1205 Franklin Avenue
       Garden City, NY 11530
       (516) 877-1234