**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

**NORMAN HARTRAMPH,**                              07 Civ. 9440 (LLS)

                                   **Plaintiff,**

   **-against-**                                    TRIAL MEMORANDUM OF LAW

**METRO-NORTH COMMUTER RAILROAD**

                                   **Defendant.**
--------------------------------------------------------

## 1. BASIS OF ACTION

Plaintiff brings this action against Defendant, Metro-North Commuter Railroad (**"**Metro-North"), under the Federal Employers Liability Act, Section 51, *et. seq.* ("FELA"), for injuries he allegedly sustained due to the Defendant's negligence, while in the course of his employment.

## 2. CLAIMS

Plaintiff claims that Metro-North was negligent by failing to provide him with a reasonably safe place to work.  Metro-North claims that it was not negligent and that the plaintiff was provided with a reasonably safe place to work.  Defendant also claims that the plaintiff's injuries were caused, in whole or in part, by Plaintiff's sole and/or comparative negligence.

## 3. FACTS

On August 16, 2006 the Plaintiff, a Metro-North signalman, was installing bond boxes during the completion of a concrete tie project.  The Plaintiff was attempting to make room for a bond box, through the use of a tie jack and lining bar, when he allegedly felt a snap in the muscle of his right calf.

## 4. DEFENDANT IS NOT AN INSURER OF THE SAFETY OF ITS EMPLOYEES NOR OF THE SAFETY OF THE PLACES IN WHICH THEY WORK

This case is brought pursuant to the Federal Employers' Liability Act, 45 U.S.C. Section 51 et. seq., which provides in part, as follows:

> "Every common carrier by railroad while engaging in commerce between any of the several states . . . shall be liable in damages to any person suffering any injury while he is employed by such carrier in such commerce . . . for such injury . . . resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency." (45 U.S.C. §51.)

The F.E.L.A. does not make the railroad the guarantor or insurer of its employees' safety or of the places in which they work. The railroad is not bound to anticipate every possible accident because a railroad is necessarily attended by some danger and it is impossible to eliminate all danger. Defendant is bound only to exercise the care which the particular circumstances reasonably demand. *Ellis v. Union Pac. R.R.*, 329 U.S. 649, 653 (1947); *Atlantic Coast Line R.R. v. Dixon*, 189 F.2d 525, 527 (5th Cir. 1951), *cert. denied*, 342 U.S. 830 (1951); *Inman v. Baltimore & Ohio R. Co.*, 361 U.S. 138, 140 (1959); *Rubley v. Louisville, & N. R. Co.*, 208 F. Supp. 798 (E.D. Tenn. 1962); *Kimbler v. Pittsburg & L. E. R. Co.*, 331 F.2d 383, 385 (3rd Cir. 1964); *Isgett v. Seaboard Coast Line R.R.*, 332 F.Supp. 1127, 1139 (D.S.C. 1971).

The basis of defendant's liability, if any, is negligence and not the mere fact that an injury occurs while plaintiff is working. Moreover, that negligence must cause the injury or plaintiff may not recover. FJPI §94.06; *Brady v. Southern Ry. Co.*, 320 U.S. 476, 484 (1943); *Tiller v. Atlantic Coast Line R. Co.*, 318 U.S. 54, 67 (1943) ; *Ellis v. Union Pacific Railroad*, 329 U.S. 649, 653 (1946); *Wilkerson v. McCarthy*, 366 U.S. 940 (1949); *Atlantic Coast Line R. Co. v. Dixon*, 189 F.2d 525, 527 (5th Cir. 1951), *cert. denied*, 342 U.S. 830 (1951); *Milom v. New York Central R. Co.*, 248 F.2d 52 (7th Cir. 1957), *cert. denied*, 355 U.S. 953 (1958); *Atchison, T. & S.F. Ry. v. Toops*, 281 U.S. 351 (1930).

5. <u>DEFENDANT'S DUTY IS TO PROVIDE A REASONABLY SAFE PLACE TO WORK</u>.

The railroad's duty to plaintiff is to be measured by what is reasonably foreseeable under like circumstances. *Gallick v. Baltimore & O.R.R.*, 372 U.S. 108, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963); *Bridger v. Union Ry.*, 355 F.2d 382 (6th Cir. 1966); *Inman v. Baltimore & O.R.R.*, 361 U.S. 138, 80 S.Ct. 242, 4 .Ed.2d 198 (1959); *Palsgraf v. Long Island R. Co.* 248 N.Y. 339 (N.Y. 1928); *MacPherson v. Buick Motor Co.*, 217 N.Y. 382 (N.Y. 1916). The railroad is only liable when injury to an employee results from the negligence of its employees acting within the course and scope of their employment. *Davis v. Green,* 260 U.S. 349, 43 S.Ct. 123 (1922). The defendant is not required to furnish the plaintiff a place to work which was absolutely safe nor to furnish to its employees the latest, best, or most perfect place, appliances or equipment within or upon which to work or to work with, nor to discard standard places to work or standard appliances or equipment already in use upon the discovery of later improvements, if those in use are reasonably safe and suitable. *Atlantic Coast Line R. Co. v. Graven*, l85 F.2d l76, l79 (4th Cir. 1950), *cert. denied*, 340 U.S. 952 (1951); *Atlantic Coast Line Co. v. Dixon*, l89 F.2d 525, 527 (5th Cir. 1951), *cert. denied*, 342 U.S. 830 (1951); *McGivern v. Northern Pac. R. Co.*, l32 F.2d 2l3, 2l7 (8th Cir. 1942); *Baltimore & Ohio R. Co. v. Groeger*, 266 U.S. 52l (1925). "The question the jury had to decide was whether the Railroad had exercised reasonable care for [Plaintiff's safety], not whether the Railroad could have employed a safer [alternative] method . . ." *Stillman v. Norfolk & W. R. Co.*, 811 F.2d 834, 838 (4th Cir. 1987); "The fact that there may have been a safer method than that employed, or that danger might have been avoided by action in a different manner, does not necessarily make an act negligent." *Chicago, Rock Island & Pacific Railroad Company v. Lint*, 217 F.2d 279; 282-83 (8th Cir. 1954).

6. <u>NOTICE AND FORESEEABILITY</u>

To recover under the FELA, Plaintiff must prove that the railroad was negligent. *Tennant v. Peoria & Pekin Union Ry. Co*, 321 U.S. 29, 32, 64 S.Ct. 409 (1944); *Davis v. Burlington Northern, Inc.*, 541 F.2d 182 (8th Cir. 1976), *cert. denied*, 429 U.S. 1002, 97 S.Ct. 553 (1976). "[A] plaintiff's prima facie case under the Act must include all the same elements as are found in a common law negligence action." *Davis, supra*.; *McGivern v. Northern Pacific Ry. Co.*, 132 F.2d 213, 217 (8th Cir. 1942).

One of the necessary elements of a common law negligence action is that the defendant must have actual or constructive notice of the alleged condition. *Sears v. Southern Pacific Co.*, 313 F.2d 498 (9th Cir. 1963); *Kaminski v. Chicago River & Indiana Railroad Co.*, 200 F.2 1 (7th Cir. 1952); *Gordon v. American Museum of Natural History*, 67 N.Y.2d 836, 501 N.Y.S.2d 646 (1986). The FELA defendant is not liable if it had no reasonable way of knowing about the hazard that caused the employee's injury. *Peyton v. St. Louis Southwestern Ry.*, 962 F.2d 832 (8th Cir. 1992).

Another necessary element is that there be reasonable foreseeability of harm to the plaintiff. In an FELA case, there must be some evidence of foreseeability for the plaintiff to prevail. *Green v. River Terminal Railway Co.*, 763 F.2d 805 (6th Cir. 1985); *Richardson v. Missouri Pacific R. Co.*, 677 F.2d 663 (8th Cir. 1982);, *Gallick v. Baltimore & Ohio Railway Co.*, 372 U.S. 108, 83 S.Ct. 659 (1963).

Although the standard of negligence for jury determination may be different than in other personal injury actions, the plaintiff must nevertheless prove these elements of common law negligence. *Thomas v. Conrail*, 971 F.Supp. 620 (D. Mass. 1997). See also, *Curley v. Consolidated Rail Corp.*, 178 A.D.2d 318; 578 N.Y.S.2d 536 (First Dept. 1991), *aff'd* 81 N.Y.2d 746, 593 N.Y.S.2d 772 (1992), *cert. denied*, 508 U.S. 940, 113 S.Ct. 2415 (1993). The jury must not be permitted to speculate and the case must be withdrawn from the jury's consideration unless there is evidence from which the inference may reasonably be drawn that the injury suffered was caused by the negligent act of the

employer. *Curley, supra,* 578 N.Y.S.2d at 538-9, *quoting from A. T. & S.F. Ry. Co. v Toops*, 281 U.S. 351, 354-355 (1930). The Court determines whether the case should be given to the jury. *Curley, supra.*

7. <u>DEFENDANT IS NOT LIABLE FOR PLAINTIFF'S COMPARATIVE NEGLIGENCE</u>

Plaintiff was required to exercise reasonable care to protect himself from injury from the ordinary hazards and dangers of his employment and to protect himself from injury from such hazards however and whenever they might be encountered. The defendant cannot be charged with negligence in this case by failing to anticipate that plaintiff would not take the ordinary and proper precautions to protect and safeguard his health and welfare. Railroad employees must as part of their duties exercise due care for their own safety. *Atlantic Coast Line R.R. v. Dixon*, 189 F.2d 525, 527, (5th Cir. 1951), *cert. den.*, 342 U.S. 830 (1951); *Kurn v. Stanfield*, 111 F.2d 469, 473 (8th Cir 1940); *Gowins v. Pennsylvania R.R.*, 299 F.2d 431 (6th Cir. 1962), *cert. denied*, 379 U.S. 824 (1962); *Dilley v. Chesapeake & O. Ry.*, 327 F.2d 249 (6th Cir. 1964), *cert. denied*, 379 U.S. 824 (1964); *Raudenbush v. Baltimore & O. R.R.*, 160 F.2d 363 (3rd Cir. 1947). Where both the Railroad and the plaintiff are guilty of negligence causing plaintiff's injuries, the plaintiff may recover damages from the Railroad, but the amount thereof must be diminished in proportion to the amount of negligence attributable to the plaintiff. *Hayes v. New York Central R. Co.*, 3ll F.2d l98, 200 (2nd Cir. l962); *Dennis v. Denver & R. G. W. R. Co.*, 375 U.S. 208 (l963).

8. <u>CONCLUSION</u>

In this case Mr. Hartramph was provided with a reasonably safe place to work including but not limited to adequate tools and support. Metro-North was not negligent. Furthermore, Mr. Hartramph's choice of method in performing this general task was the sole cause of his injury and/or comparative negligence.

Dated:    New York, New York
          June 23, 2008

                                        RICHARD K. BERNARD
                                        GENERAL COUNSEL

                                        By: _____
                                              JESSE A. RAYE

                                        Attorneys for Defendant
                                        347 Madison Avenue
                                        New York, N.Y.  10017
                                        (212) 340-2538
                                        JAR(2009)


TO:    Mark Weitzke, Esq.
       Law Office of Michael Flynn PLLC
       Attorney for Plaintiff
       1205 Franklin Avenue
       Garden City, NY 11530
       (516) 877-1234